

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-2786
Re: Constables - Fees in
misdemeanor cases.

Your request for opinion has been received and
carefully considered by this department. We quote from your
letter as follows:

"1. When a person is arrested by the
Constable, tried and found guilty, in a
misdemeanor case, and gives bond, is the
Constable entitled to $2.00 for arrest;
$1.00 for a Commitment; $1.00 for a Release
and $1.50 for taking a bond, or should the
$1.00 release be omitted?

"2. When a Felony Examining Trial is
held in the Justice Court is the Constable
entitled to the same fees as enumerated in
question 1, however the total to not exceed
$4.00?

"It is my contention that the person
is not released when a bond is given, but
it is simply a guarantee to pay the fine
and costs, and in the Felony case for his
appearance before the Grand Jury or for
trial, if indicted. I understand a Release
to be a final discharge and it is not a dis-
charge as long as he is in any way obligated
to pay or appear, thus I do not think a re-
lease would be due the Officer unless the
case is finally closed and he is fully re-
leased from all future action regarding same."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. A. Hodges, Page 2

We enclose herewith a copy of opinion No. O-1458 of this department which we think answers your second question.

Article 1065, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

"1. For executing each warrant of arrest or capias, or making arrest without warrant, two dollars.

"2. For summoning each witness, seventy-five cents.

"3. For serving any writ not otherwise provided for, one dollar.

"4. For taking and approving each bond, and returning the same to the court house, when necessary, one dollar and fifty cents.

"5. For each commitment or release, one dollar.

"6. Jury fee, in each case where a jury is actually summoned, one dollar.

"7. For attending a prisoner on habeas corpus, when such prisoner, upon a hearing, has been remanded to custody, or held to bail, for each day's attendance, four dollars.

"8. For conveying a witness attached by him to any court out of his county, four dollars for each day or fractional part thereof, and his actual necessary expenses by the nearest practicable public conveyance, the amount to be stated by said officer, under oath and approved by the judge of the court from which the attachment issued.

"9. For conveying a prisoner after conviction to the county jail, for each mile, going and coming, by the nearest practicable route by private conveyance, ten cents a mile, or by railway, seven and one-half cents a mile.

"10. For conveying a prisoner arrested on a warrant or capias issued from another county to the court or jail of the county from which the process was issued, for each mile traveled going and coming, by the nearest practicable route, twelve and one-half cents.

"11. For each mile he may be compelled to travel in executing criminal process and summoning or attaching witness, seven and one-half cents. For traveling in the service of process not otherwise provided for, the sum of seven and one-half cents for each mile going and returning. If two or more persons are mentioned in the same writ, or two or more writs in the same case, he shall charge only for the distance actually and necessarily traveled in the same."

Article 1011, Vernon's Annotated Code of Criminal Procedure, reads as follows:

"No item of costs shall be taxed for a purported service which was not performed, or for a service for which no fee is expressly provided by law."

Article 787, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"When a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged as provided by law. A certified copy of such judgment shall be sufficient to authorize such imprisonment."

Article 786, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

Honorable H. A. Hodges, Page 4

"When a pecuniary fine has been adjudged
against a defendant not present, a capias
shall forthwith be issued for his arrest.
The sheriff shall execute the same by placing
the defendant in jail."

Article 789, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"Where such capias issues, it shall
state the rendition and amount of the
judgment and the amount unpaid thereon,
and command the sheriff to take the de-
fendant and place him in jail until the
amount due upon such judgment and the
further costs of collecting the same are
paid, or until the defendant is other-
wise legally discharged."

Article 792, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"When a defendant has been committed
to jail in default of the fine and costs
adjudged against him, the further enforce-
ment of such judgment shall be in accordance
with the provisions of this Code."

Articles 793 and 794, Vernon's Annotated Texas
Code of Criminal Procedure, provide for the satisfaction
of judgments in misdemeanor cases by placing the convicted
defendant in the county workhouse, county farm, etc., and
by compelling said defendant to labor, etc. Article 920,
Vernon's Annotated Texas Code of Criminal Procedure, is ap-
plicable to Justice Courts, and deals with the satisfaction
of judgments in Justice Courts in criminal cases.

Article 795, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"When, by the judgment of the court,
a defendant is to be imprisoned in jail, a
certified copy of such judgment shall be
sufficient authority for the sheriff to
place such defendant in jail."

Honorable H. A. Hodges, Page 5


Article 796, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"A capias issued for the arrest and commitment of one convicted of a misdemeanor, the penalty of which or any part thereof is imprisonment in jail, shall recite the judgment and command the sheriff to place the defendant in jail, to remain the length of time therein fixed; and this writ shall be sufficient to authorize the sheriff to place such defendant in jail."

Article 797, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"A defendant who has remained in jail the length of time required by the judgment shall be discharged. The sheriff shall return the copy of the judgment, or the capias under which the defendant was imprisoned, to the proper court, stating how it was executed."

This department has repeatedly ruled that Constables and Sheriffs are not entitled to fees except for legal services performed as outlined by the fee statutes. See opinions Nos. 0-106, 0-693, 0-768, 0-963, 0-1160, and many other opinions of this department.

Opinion No. 0-850 of this department holds that a Constable is entitled to the sum of $2.00 for legally executing a valid warrant of arrest in a misdemeanor case, such fee to be taxed against the defendant on conviction. This department has repeatedly ruled however that a Constable is not entitled to any fees for making illegal arrests.

Opinion No. 0-963 of this department holds that a Constable is not entitled to charge and collect a fee of $1.50 for taking and approving a bond in a misdemeanor case unless he complies with Article 273 and Article 277, Vernon's Annotated Texas Code of Criminal Procedure of Texas; that a commitment for which a peace officer is allowed a fee of $1.00 is for executing a valid order of the court, after conviction of a defendant, directing that the defendant be placed in jail and confined there until the judgment of the court is satisfied; and that a release for which a peace officer is allowed a fee of $1.00 is for releasing or discharging a defendant from the force and effect of

Honorable E. A. Hodges, Page 6


a judgment restraining him.

Opinion No. 0-1189 of this department holds that only where the facts show that the defendant is in the actual and legal custody of a Constable at the time he pleads guilty and pays his fine is the Constable entitled to a release fee. This opinion further holds that when the defendant mails his fine in to the Justice of the Peace and same is accepted by the Justice in payment of defendant's fine, the Constable is not entitled to a release fee.

We enclose herewith copies of opinions Nos. 0-965, 0-1189, 0-2104 and 0-2437, which pass on questions similar to the question involved herein.

In answer to your first question you are respectfully advised that it is the opinion of this department that:

1. The Constable is entitled to $2.00 for each legal arrest made. He is entitled to no fees for illegal arrests.

2. The Constable is entitled to $1.00 for executing each valid commitment in misdemeanor cases. The commitment issues only after conviction of a defendant. The "commitment" or authority for imprisonment, which the Constable executes in misdemeanor cases where a pecuniary fine has been adjudged against a defendant, and where the defendant is present, is a certified copy of such judgment, as outlined by Article 787, C. C. P., supra. If in such case the defendant be not present, the "capias" authorized and described in Articles 788 and 789, C. C. P., supra, is the "commitment" which the Constable executes. Where the judgment is imprisonment in jail, Articles 795 and 796, C. C. P., supra, apply, and the "commitment" in such cases would be either a certified copy of the judgment or a "capias", dependent upon the facts involved therein. The Constable would execute the "commitment" by placing the defendant in jail as directed in the order; when this was done by virtue of a valid commitment the Constable would have earned his fee and be entitled thereto if, as and when, same was collected.

3. The Constable is entitled to $1.50 for taking and approving defendant's bond in a misdemeanor case provided same is done in accordance with law and in compliance with Articles 273 and 277, Vernon's Annotated Texas Code of Criminal Procedure.

Honorable H. A. Hodges, Page 7

4. The Constable is not entitled to a release fee unless he has the defendant in his actual and legal custody at the time the defendant pays his fine and costs or satisfies same by laying it out in jail and the Constable then and there releases the defendant from the force and effect of a judgment restraining him. The term "release" contemplates a full, final and complete release and discharge from the judgment restraining the defendant.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:R3

ENCLOSURES

APPROVED OCT 24, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB